THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROUTE APP, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>STEFAN ALEXIEV, RAW JUICERY, and GOWELL MARKET LLC d/b/a www.ShipAid.com,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br><br>Case No. 2:23-cv-00022-JCB |
| GOWELL MARKET LLC (d/b/a "ShipAid"),<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>ROUTE APP, INC.,<br><br>      Counterclaim Defendant. | Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Raw Juicery's ("Raw Juicery") motion to dismiss under Fed. R.

---

[1] ECF No. 23.

Civ. P. 12(b)(6).[2] The court held oral argument on the motion on November 20, 2023.[3] At the conclusion of the hearing, the court took the motion under advisement. The court has carefully considered the parties' written submissions and counsel's oral arguments. Based upon the analysis set forth below, the court grants Raw Juicery's motion to dismiss because the facts in Plaintiff Route App, Inc.'s ("Route") First Amended Complaint ("Complaint")[4] do not allow the court to draw a reasonable inference that Raw Juicery is liable for any of Route's claims.

## INTRODUCTION

According to the Complaint, Route is a "leading shipping insurance and package tracking company."[5] Raw Juicery became a Route "merchant partner"[6] when one of Raw Juicery's founders, Stefan Alexiev ("Mr. Alexiev"), signed up for Route's services on Raw Juicery's behalf.[7] To obtain Route's services, Raw Juicery, through Mr. Alexiev, agreed to Route's terms and conditions.[8] Raw Juicery used Route's services from June 4, 2020, through November 29, 2022,[9] and Mr. Alexiev was Raw Juicery's chief point of contact for interacting with Route while Raw Juicery was using Route's services.[10]

---

[2] ECF No. 19.
[3] ECF No. 58.
[4] ECF No. 15.
[5] *Id.*, ¶ 1.
[6] *Id.*
[7] *Id.*, ¶¶ 13, 30.
[8] *Id.*, ¶¶ 2, 31.
[9] *Id.*, ¶¶ 30-31, 36-37.
[10] *Id.*, ¶ 13.

The Complaint alleges that Mr. Alexiev was also the Chief Executive Officer of a shipping company called VNDR and the founder of ShipAid,[11] which Route claims unlawfully appropriated its technology,[12] among other things. The creation of this last entity (i.e., ShipAid) led to this lawsuit because Route alleges that Mr. Alexiev unlawfully used Route's proprietary information to create ShipAid (in violation of Route's contract terms), took clients from Route, and made false claims about Route while advertising ShipAid.[13] From these allegations, Route alleges that Mr. Alexiev individually and as Raw Juicery's agent has: (I) breached Route's terms and conditions, (II) interfered with Route's contractual relations, and (III) violated the false advertising provisions of the Lanham Act.[14]

In response to the Complaint, Raw Juicery filed the motion to dismiss under Fed. R. Civ. P. 12(b)(6) currently before the court.[15] Raw Juicery's motion argues that the Complaint fails to allege conduct specific to Raw Juicery for each of Route's causes of action.[16] Route counters that Mr. Alexiev was acting as Raw Juicery's agent while engaging in illicit conduct alleged in the Complaint.[17]

---

[11] *Id*., ¶ 12.

[12] *Id*., ¶¶ 3, 37, 41, 45-46.

[13] *Id*., ¶¶ 2-3, 5, 36-37, 41-43, 45-49, 51-52.

[14] *Id*., ¶¶ 54-80

[15] ECF No. 19.

[16] *Id*.

[17] ECF No. 46.

Although the law deems corporations and other business entities as "people,"[18] business entities like Raw Juicery "act in the flesh and blood world through their agents."[19] And therein lies the issue presented by Raw Juicery's motion: whether the Complaint states a claim against Raw Juicery by sufficiently pleading that Mr. Alexiev was acting as Raw Juicery's agent when he purportedly engaged in the unlawful acts alleged in the Complaint. As shown in order below, (I) Route's claims against Raw Juicery must be dismissed because the Complaint fails to sufficiently allege that Mr. Alexiev was acting as Raw Juicery's agent when he purportedly engaged in the illicit acts pled in the Complaint, but (II) that dismissal must be without prejudice.

## ANALYSIS

I. **The Complaint Fails to State a Claim for Relief Against Raw Juicery Because the Court Cannot Reasonably Infer That Mr. Alexiev Was Acting as Raw Juicery's Agent When He Allegedly Engaged in Unlawful Actions.**

Route fails to sufficiently allege that Mr. Alexiev was acting as Raw Juicery's agent when he purportedly engaged in the illicit acts stated in the Complaint. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[20] The Supreme Court stated that on the pleading continuum, "plausible" is more than "possible" but less than "probable."[21] And to bridge the gap between "possible" and the end goal of "plausible," a complaint must plead facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the

---

[18] *See, e.g.*, 1 U.S.C. § 1 (defining the word "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals").

[19] *Creation Supply, Inc. v. Cherrie*, 61 F.4th 511, 513 (7th Cir. 2023).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[21] *Id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

misconduct alleged."[22] "[A] 'reasonable' inference is one that is supported by a chain of logic, rather than . . . mere speculation . . . ."[23] When determining whether the pleaded facts allow the court to make the reasonable inference that the defendant is liable, the court must also consider context, common sense, and judicial experience.[24] By illustration, the way of building a bridge from possible to plausible is provided in graphic form below.



---

[22] *Id.*

[23] *Juan H. v. Allen*, 408 F.3d 1262, 1277 (9th Cir. 2005); *see also Fought v. Hayes Wheels Int'l, Inc.*, 101 F.3d 1275, 1277 (8th Cir. 1996) ("A reasonable inference is one which may be drawn from the evidence without resort to speculation." (quotations and citation omitted)); *United States v. Waldemer*, 50 F.3d 1379, 1384 (7th Cir. 1995) ("The term 'reasonable inference' must be defined contextually. Whether the evidence bears logical and proximate connection to the point the prosecutor wishes to prove are perhaps the most obvious considerations in determining whether the inference is reasonable."); *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 850 F. Supp. 2d 630, 633-34 (E.D. Va. 2012) ("A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." (quotations and citation omitted)); *Mele v. All-Star Ins. Corp.*, 453 F. Supp. 1338, 1341 (E.D. Pa. 1978) ("A reasonable inference is one not based on speculation or conjecture but rather is a logical consequence deduced from other proven facts.").

[24] *Iqbal*, 556 U.S. at 679.

Notice that legal conclusions are not appropriate building materials for this bridge between possible and plausible because legal conclusions in a complaint serve no purpose to help a court reasonably infer that a defendant is liable for the illicit conduct alleged in the complaint.[25] Similarly insubstantial building materials are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[26] Accordingly, to determine whether Route has successfully completed its bridge between whether Raw Juicery is "possibly" or "plausibly" liable, the court must focus solely on the facts in the Complaint, viewing them in context and in accordance with common sense and judicial experience.

Context and common sense are especially important here because Raw Juicery's plausible vicarious liability is possible only through the acts of Mr. Alexiev, who Route contends is Raw Juicery's agent.[27] But merely pleading that Mr. Alexiev acted as Raw Juicery's "agent" is a legal conclusion that this court must ignore.[28] And, although the Complaint states that Mr. Alexiev is *a* founder of Raw Juicery, it also states that he is a corporate officer of VNDR and *the*

---

[25] *Id*. at 678.

[26] *Id*.

[27] *Creation Supply, Inc.*, 61 F.4th at 513 (stating that although business entities like corporations are "people" under the law, business entities "act in the flesh and blood world through their agents").

[28] *See, e.g.*, *Rezac Livestock Comm'n Co. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1161 (D. Kan. 2017) (recognizing, in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), that simply alleging "agency" in a complaint is a legal conclusion that need not be accepted as true unless other factual allegations plausibly establish agency); *cf*. *Salopek, Tr. for Salopek Fam. Heritage Tr. v. Zurich Am. Life Ins. Co.*, No. 18-CV-00339 JAP/CG, 2020 WL 6384250, at *8 (D.N.M. Oct. 30, 2020) (recognizing that because merely alleging "agency" is a legal conclusion, expert testimony under Fed. R. Evid. 702 about whether a person is an "agent" is not helpful to the fact finder).

founder of ShipAid,[29] which is the offending product according to Route. In other words, in the context of the Complaint, Mr. Alexiev could be an agent of two other entities besides Raw Juicery. Consequently, common sense suggests that if Mr. Alexiev is potentially an agent for other entities—including the entity separate from Raw Juicery that is allegedly infringing against Route's product—then factual allegations are necessary in the Complaint showing that Mr. Alexiev was acting specifically as the agent for Raw Juicery when engaging in the alleged illegal conduct. And merely alleging that all "Defendants" did illegal acts will not suffice, especially where, as here, the parties at oral argument and relevant case law agree that Raw Juicery can be liable if and only if someone acted as an agent on its behalf to do the illegal acts pled in the Complaint.[30]

      To evaluate whether the allegations in the Complaint bridge the gap between possible and plausible, the court first identifies and ignores the legal conclusions that "are not entitled to the assumption of truth" and then considers the "well-pleaded factual allegations" and "assume[s] their veracity."[31] As to the first step, the court ignores any legal conclusions stating that Mr. Alexiev was acting as Raw Juicery's agent when he engaged in the purportedly illicit acts and ignores legal conclusions that "Defendants" engaged in activity, which merely constitute the threadbare recitation of the elements of each claim.[32]

---

[29] ECF No. 15, ¶ 12.

[30] *Matthews v. Bergdorf,* 889 F.3d 1136, 1148 (10th Cir. 2018) ("A complaint that fails to differentiate wrongful acts among multiple defendants, alleging instead multiple violations by unspecified defendants does not provide the fair notice the law requires.").

[31] *Iqbal,* 556 U.S. at 679.

[32] *Id.* at 678. Indeed, given that the Complaint's allegations demonstrate that Mr. Alexiev is the only possible agent of Raw Juicery, if there are no factual allegations showing that Mr. Alexiev

Instead, the court considers Route's factual assertions regarding the relationship between Mr. Alexiev and Raw Juicery. First, the court accepts that Mr. Alexiev is "a founder" or a "co-founder" of Raw Juicery[33] and that he is also the Chief Executive Officer of another entity called VNDR and the founder of ShipAid.[34] Second, the court also accepts as true that Mr. Alexiev signed up for Route's services on Raw Juicery's behalf by agreeing to Route's terms and conditions and was Route's primary contact at Raw Juicery.[35] Third, the court credits Route's allegation that Raw Juicery had access to Route's system from June 4, 2020, through November 29, 2022.[36] Fourth, the court assumes as true Route's claim that, in October 2022, a Route merchant partner received an email solicitation from Mr. Alexiev urging that merchant partner to leave Route and to use ShipAid instead.[37] Finally, the court assumes as true the allegation that Mr. Alexiev used Route's technology to design ShipAid.[38]

All these facts accepted as true fail to show that Mr. Alexiev was acting as Raw Juicery's agent when he purportedly breached the contractual provisions specified in the Complaint, tortiously interfered with Route's contractual relations, or violated the false advertising

---

was acting on Raw Juicery's behalf when he purportedly engaged in illicit behavior, merely lumping all the "Defendants" together and saying that they violated the law is insufficient to state a plausible claim against Raw Juicery because such an allegation is not a well-pleaded fact. It is a mere recitation of the elements that, instead of trying to build a bridge between possible and plausible with facts, asks the court to take a leap of speculative faith from the end of the facts all the way to plausible. The court cannot and will not make that jump.

[33] ECF No. 15, ¶¶ 1, 12-13.

[34] *Id*., ¶ 12.

[35] *Id*., ¶¶ 13, 30-31.

[36] *Id*., ¶¶ 30-31, 36-37.

[37] *Id*., ¶ 37.

[38] *Id*., ¶¶ 3, 37, 41, 45-46.

provisions of the Lanham Act. "Agency is the fiduciary relation which results from [(1)] the manifestation of consent by one person to another that [(2)] the other shall act on his behalf and subject to his control, and [(3)] consent by the other so to act."[39] The facts in the Complaint easily allow the court to reasonably infer that Mr. Alexiev acted as Raw Juicery's agent in agreeing on the company's behalf to use Route.

However, the Complaint's well-pleaded factual allegations do not allow the court to infer without speculating that the scope of Mr. Alexiev's agency for Raw Juicery included the ability to develop a product to compete with Route and to take Route's clients. Under the Restatement (Second) of Agency, which Delaware follows:[40]

> The liability of the principal to a third person upon a transaction conducted by an agent, or the transfer of his interests by an agent, may be based upon the fact that:
>
> (a) the agent was authorized;
>
> (b) the agent was apparently authorized; or
>
> (c) the agent had a power arising from the agency relation and not dependent upon authority or apparent authority.[41]

Nothing in the Complaint purports to allege that Raw Juicery expressly invested Mr. Alexiev with power to develop a product to compete with Route. Moreover, the Complaint fails to provide any facts that would allow the court to infer that such authority was either expressly

---

[39] Restatement (Second) of Agency § 1 (1958). Delaware courts have adopted the Restatement (Second) of Agency's definition of "agency," *Lang v. Morant*, 867 A.2d 182, 186 n.14 (Del. 2005), and Delaware law appears to apply to Route's claims for breach of contract.

[40] *See, e.g.*, *Creedon Controls, Inc. v. Banc One Bldg. Corp.*, 470 F. Supp. 2d 457, 460 (D. Del. 2007).

[41] Restatement (Second) of Agency § 140 (1958).

authorized or apparent. By illustration, the Complaint does not allege that Mr. Alexiev's solicitations of Route's merchant partners to use ShipAid were from a Raw Juicery email account or were signed by Mr. Alexiev in his employment or agent capacity at Raw Juicery. Additionally, nothing in the Complaint suggests that anyone received correspondence purporting to be from Raw Juicery inviting them to use ShipAid. The absence of such allegations coupled with the fact that Mr. Alexiev was also an officer in two other enterprises that are independent of Raw Juicery—including ShipAid itself, which offers the allegedly offending product—further preclude a reasonable inference that Mr. Alexiev was acting specifically on Raw Juicery's behalf when he developed ShipAid and marketed it to Route's merchant partners, among others. Indeed, to lay this alleged illicit conduct at Raw Juicery's door would require the court to engage in rank speculation, which is the antithesis of a "reasonable inference." Consequently, considering context, common sense, and judicial experience, the factual allegations in the Complaint are insufficient to bridge the gap between possible and plausible as to whether Raw Juicery breached its contract with Route, took Route's merchant partners over to ShipAid, or made false statements about Route to others. Accordingly, Route fails to state a claim upon which relief can be granted against Raw Juicery. Therefore, the court grants Raw Juicery's motion to dismiss.

## II. Route's Claims Against Raw Juicery Must Be Dismissed Without Prejudice.

Dismissal without prejudice is appropriate here because Route could move to amend the Complaint with additional allegations that may state a plausible claim for relief against Raw Juicery. "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[42] Here, if Route successfully moves

---

[42] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

to amend the Complaint by pleading facts showing that Mr. Alexiev had authority from Raw Juicery to develop ShipAid, solicit customers for ShipAid, or advertise for ShipAid in a way that purportedly disparaged Route in a false light, then Route may state a claim against Raw Juicery. Thus, the court dismisses the claims against Raw Juicery without prejudice.[43]

---

[43] The court is not granting Route leave to amend the Complaint. If Route believes it can state a claim against Raw Juicery—or anyone else, for that matter—Route must so move under Fed. R. Civ. P. 15(a)(2). Additionally, the court notes that the doctrine of *respondeat superior* does not save Route's claims against Raw Juicery from dismissal. For starters, *respondeat superior* applies to torts, which automatically excludes Route's breach of contract claims. *See, e.g.*, *Sherman v. State Dep't of Public Safety*, 190 A.3d 148, 154-55 (Del. 2018) (following sections 219 and 228 of the Restatement (Second) of Agency and holding that *respondeat superior* doctrine governs employer liability for employee's tortious conduct); *cf. Guardian Title Co. of Utah v. Mitchell*, 2002 UT 63, ¶¶ 17-18, 54 P.3d 130, 133-34 (holding that *respondeat superior* does not apply to contract claims). Although *respondeat superior* can apply as a matter of law to Route's Lanham Act and tortious interference with contractual relations claims, the Complaint fails to state either claim under a *respondeat superior* theory. As to the Lanham Act, *respondeat superior* applies where factual allegations in the Complaint contend that Raw Juicery and Mr. Alexiev "have authority to bind one another in transactions with third parties . . . or exercise joint ownership or control over the infringing product" such that Raw Juicery would have "control . . . to stop the infringing activity." *PetConnect Rescue, Inc. v. Salinas*, 656 F. Supp. 3d 1131, 1158-59 (S.D. Cal. 2023) (quotations and citations omitted). As stated above, the Complaint lacks factual allegations establishing a relationship between Mr. Alexiev and Raw Juicery that shared control over ShipAid or that Mr. Alexiev's creation of ShipAid was jointly undertaken with Raw Juicery. Thus, *respondeat superior* does not save Route's Lanham Act claims against Raw Juicery from dismissal. Finally, as to the tortious interference with contractual relations claims, the analysis above as to why the Complaint fails to plead that Mr. Alexiev was Raw Juicery's agent for purposes of developing, advertising, and distributing ShipAid applies with equal force to preclude *respondeat superior* here. Section 228 of the Restatement (Second) of Agency, upon which both Delaware and Utah courts rely, provides that "[c]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." Nothing in the Complaint alleges or allows the court to reasonably infer that Mr. Alexiev's duties at Raw Juicery included developing ShipAid, advertising it, or selling it to others. Indeed, the existence of ShipAid as a distinct entity from Raw Juicery along with the dearth of allegations tying Raw Juicery to advertisements for ShipAid preclude that inference. Therefore, *respondeat superior* does not save Route's claims against Raw Juicery from dismissal.

## ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1.    Raw Juicery's motion to dismiss[44] is GRANTED.

2.    Route's claims against Raw Juicery are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 19th day of December 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[44] ECF No. 19.